(81 App. Div. 526.)

### RIEHLMAN v. FIELD.

(Supreme Court, Appellate Division, Fourth Department.   March 10, 1903.)

1. PRESCRIPTIVE RIGHTS—MERGER OF ESTATES—EXTINGUISHMENT.
    Where the owner of property on which there was a spring of water acquired an adjoining tract of land, whatever prescriptive right to the spring might have been theretofore acquired by the vendor was extinguished.
2. SAME—MERGER OF ESTATES—REVIVAL OF EASEMENT.
    Defendant's husband, owning land on which was a spring of water in which the owner of an adjoining tract had acquired prescriptive rights, purchased such adjoining tract, and subsequently sold it to plaintiff's husband.  Held, that while defendant's husband had power to revive the easement thus merged, or to create a new one, the easement thereafter existed, if at all, not because it had been acquired before the two estates had merged, but because of the agreement made by defendant's husband at the time of sale to plaintiff's husband, either by express words in the contract or conveyance, or in some other legitimate way.
3. SAME—PERIOD OF TIME—ACTION.
    A user of at least 20 years' duration is necessary in order to establish prescriptive rights in and to real property.
4. APPEAL—CONFLICTING EVIDENCE—REVIEW
    Where there is a conflict of evidence on a certain issue, and the trial court makes no finding thereon, the Appellate Court will not pass on the evidence and determine what the truth is.
5. PAROL EVIDENCE CONTRADICTING DEED.
    The owner of adjoining tracts of land conveyed one of them, but the deed contained no reference to the use by the vendee of a spring on the tract not sold.  Held that, even if there were proof to sustain a finding of an intent and agreement between the parties that the spring should pass under the deed, no legal effect could be given to such intention or agreement, because it would be outside of the deed, and would tend to contradict it and violate the statute.

Appeal from Special Term, Onondaga County.

Action by Sarah Riehlman against Mary Field.   From a judgment of the Supreme Court entered on a decision of the court after trial at Special Term, defendant appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

S. W. Terry, for appellant.
William Kennedy, for respondent.

WILLIAMS, J.   The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event.

The action was brought to recover a spring of water, and for other equitable relief relating to it, upon the ground that the plaintiff was

¶ 1. See Easements, vol. 17, Cent. Dig. § 75.

the owner thereof. The spring was not covered by the express terms of the plaintiff's deed, but she claimed title to it by prescription, and upon the ground that the defendant was estopped from denying her title to the spring. The trial court decided in plaintiff's favor upon these grounds, among others.

April 1, 1882, Frederick G. Field, the defendant's husband, was the owner of the land upon which the spring was located, and also of the plaintiff's lands adjoining. On that day he made a written agreement with John Riehlman, the plaintiff's husband, to sell him the property described in the complaint (being a house and a lot of about one-third of an acre) for the sum of $250, of which $50 was to be paid down; $50, with interest, on December 1, 1882; and the remainder in yearly payments of $50 each, with interest—the deed to be given when the property was fully paid for. The deed was thereafter given January 8, 1886, and was recorded in March, 1894. Neither the contract nor the deed in any way referred to the spring of water which was located on the other lands owned and retained by the grantor, near the line between the two pieces of property. The plaintiff and her husband entered into the possession of the property at the time the agreement of sale was made, and remained in possession thereof, by themselves or tenants, for some years. On the 26th day of January, 1894, one Ann Janette Northway conveyed the premises to the plaintiff by quit-claim deed, which recited that the premises had been conveyed by the plaintiff's husband and herself to Palmer, as executor of the will of Colman, deceased, by deed recorded in Book 269 of Deeds, at page 366, and subsequently conveyed by such executor to said Northway; but neither of those deeds was put in evidence, their dates were not stated, and there was no parol or other evidence given with reference thereto. The deed to the plaintiff did not in any way refer to the spring of water in question. The pleadings put in issue the plaintiff's ownership, possession, and right to possession of the property described in the complaint and plaintiff's deed. The defendant's husband retained title to the property on which the spring is located until April, 1893, when he deeded the same to his wife, the defendant. This action was commenced in September, 1900.

We are unable to see how this action can be maintained upon the theory of a prescriptive right to the spring by a use thereof for 20 years. The defendant's husband was the owner of the property upon which the spring was located. When, in 1881, he acquired title to the plaintiff's property, whatever prescriptive right to the spring may have been theretofore acquired by the owner of the plaintiff's property was extinguished when the title to both pieces of property was united in the defendant's husband. He being then the owner of both the dominant and servient tenements, the titles to both estates merged, and the easement was gone. When, under such circumstances, the owner sold the plaintiff's property, he had power to revive the easement thus merged, or to create a new one. But the easement thereafter existed, if at all, not because it had been acquired before the two estates had merged, but because of the agreement made by the grantor at the time of the sale of the plaintiff's property, either by express words in the contract or conveyance, or in some other legiti-

mate way. Mattes v. Frankel, 157 N. Y. 603, 52 N. E. 585, 68 Am. St. Rep. 804, and the text-books referred to in the dissenting opinion by Judge Parker, page 612, 157 N. Y., page 588, 52 N. E., 68 Am. St. Rep. 804.

No prescriptive right to the spring could be established after the sale of the property to the plaintiff's husband, because the action was brought within 20 years from that time.

The judgment must therefore be sustained, if at all, upon the theory of estoppel, under the rules laid down in Mattes v. Frankel, above, and the cases therein referred to. In that case a right of way was in controversy. Two lots adjoined each other and were owned by the same person when a conveyance of one of them was made. The building upon the lot conveyed covered the entire frontage on the street, and there was no way of reaching the barn and back yard of the lot, except by going across the other lot retained by the grantor. While the two lots were owned by different persons, a right of way across the one lot to reach the other existed, and had been used; but, when the titles of the two lots were joined in the same owner, such right of way was, by merger, extinguished. The deed given on the sale made no reference in any way to the right of way, so that the easement was not revived or created by any express words in the grant itself. The court held, however, that the grantor was estopped from denying the easement was created or revived at the time of the sale, by reason of his statements and representations then made. He took the purchaser over the lots, and told him that the way to get to the barn upon the lot sold, from the street or alley, was over and across the other lot; and the purchaser relied upon these statements and representations in making the purchase and taking the conveyance, and therefore the estoppel existed. It is claimed that principle is applicable to this case, and that, upon the facts found by the trial court, the defendant's husband and his grantee, the defendant, were estopped from denying the right of the plaintiff's husband and his grantees, including the plaintiff, in and to the spring. The finding of the court was that the purchase was made at the time the deed was given, January 8, 1886, and that, to induce him to purchase the property and pay therefor, the defendant's husband then represented and stated that "the said spring was a part of said premises, and belonged thereto, and would pass as an appurtenance under the deed to him, and that [the plaintiff's husband] purchased the same in reliance upon such statements so made," etc. There does not, however, appear to have been any evidence to sustain this finding. The agreement for the purchase was in April, 1882—nearly four years prior to the giving of the deed. There was no evidence of any statements or representations made when the deed was given in 1886. Therefore this finding of fact must be disregarded. There was conflicting evidence as to the making of statements and representations when the agreement was made in 1882, but the trial court did not make any finding upon that question; and this court upon appeal should not pass upon that conflict of evidence, and determine what the truth is. The whole basis in the facts, therefore, for applying the rule for estoppel hereinbefore referred to, is wanting. It may be said, moreover, that there might be

difficulty in applying the rule above referred to where the statements and representations were made four years before the deed was given. This ground for relief was not, apparently, in contemplation when the action was commenced, because no facts constituting estoppel were alleged in the complaint, and no relief was asked for, based upon such a theory. The only ground for relief stated in the complaint was title by prescription. The trial court also found that there was something like a practical location of the line between the properties of the parties. Nothing of that kind was alleged or suggested in the complaint, and the proof does not establish the fact. Concededly, the line between the properties was such as to place the spring upon the defendant's, and not upon the plaintiff's, premises. The real claim is not that the plaintiff owns the land on which the spring is located, but that, as appurtenant to her property, she has an easement—the right to use the water from the spring. The trial court also found that the intent and agreement between the husbands of the parties was that the spring should pass under the deed of 1886. Even if there is proof to sustain such a finding, legal effect could not be given to such intention or agreement, because it would be outside of the deed, and would tend to contradict it, and would violate the statute. The only relief the plaintiff would be entitled to would have to be based upon the theory of estoppel, as we have already shown.

It is suggested, also, that there is no sufficient proof of plaintiff's title to the property covered by her deed, the two deeds recited therein to have been given not being in evidence. We do not regard it as necessary to pass upon this question, however. A new trial must be had, and very likely those deeds will then be produced and put in evidence.

The views expressed lead us to conclude that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur, except HISCOCK, J., not sitting.